JOHN ARMISTEAD ET AL. *v.* J. A. COCKE.

ATTACHMENT. *Against partners separately. Writ against one levied on land of other.*
   *New writ. Effect.*

A writ of attachment issued against N. W. as the sole member of the firm of
   N. W. & Co. was levied upon a tract of land belonging to W. T. Subse-
   quently the creditor discovered that W. T. was a member of the firm of N.
   W. & Co. and sued out an attachment against him for the same debt. This
   writ was not levied on the land above mentioned, but under it W. T. was
   summoned to defend the suit, the two attachments being treated as in one
   case. A judgment was rendered against both N. W. and W. T. as members
   of the firm of N. W. & Co., and the land was condemned to be sold to satisfy
   the same. It was accordingly sold. *Held,* that the purchaser acquired no
   title, as the levy under the first writ did not affect W. T.'s interest in the
   land and the second writ was not levied upon it.

APPEAL from the Circuit Court of Tate County.

HON. A. T. ROANE, Judge.

On the 1st of January, 1883, an attachment, returnable to the
Circuit Court of Tate County, was issued at the suit of Dillard,
Armistead & Lundee against N. W. Ward, as the sole member of
the firm of N. W. Ward & Co. This writ was on the next day
levied upon a certain described tract of land as well as other prop-
erty. Upon an affidavit, styled a "supplemental affidavit," stating
that they had discovered that W. T. Ward was a member of the
firm of N. W. Ward & Co., Dillard, Armistead & Lundee, on the
21st of March, 1883, sued out a writ of attachment on the same
debt against W. T. Ward, which was levied upon other property,
but not upon the land above referred to, and W. T. Ward was
summoned to appear and defend the action, the two attachments
being treated as in one case.

The case was removed to the Federal court for the Northern dis-
trict of this State, where, on the 9th of February, 1884, a judg-
ment was rendered in favor of Armistead & Lundee, as surviving
partners of the firm of Dillard, Armistead & Lundee, against both
N. W. Ward and W. T. Ward, as members of the firm of N. W.
Ward & Co., and condemning the land levied on under the writ
issued against N. W. Ward to be sold to satisfy the judgment.

Accordingly, this land was sold by the marshal on the 3d of March, 1884, and was bought by Armistead & Lundee, who received the marshal's deed thereto.

On the 31st of March, 1884, Armistead & Lundee instituted this action of ejectment to recover of J. A. Cocke the possession of the land purchased by them as above stated. The defendant, as well as the plaintiffs, claimed title from W. T. Ward. The former based his title upon a deed of the land to himself from W. T. Ward, dated December the 11th, 1884. The latter based their title upon the marshal's deed and the attachment proceedings. It was agreed that at the time the land was levied upon it was the property of W. T. Ward individually. The court refused to give an instruction asked by the plaintiffs, but instructed the jury in effect to find for the defendant, which they did, and from the judgment on such verdict the plaintiffs appealed.

*Shands & Johnson*, for the appellants.

In order for defects in the attachment proceeding to be available in this case, the judgment in the attachment suit must not only be irregular and reversible, but absolutely void. *Voorhees* v. *Bank of the United States*, 10 P. 449, and *Cooper* v. *Reynolds*, 10 Wal. 308, are cases in which irregular attachment proceedings were attempted to be collaterally attacked. The object of the attachment suit, as we think clearly appears from the record, was to subject to the debt of plaintiffs in attachment the property of N. W. Ward & Co., whoever they were, both the firm assets and the individual property of the members of the firm. The first writ was gotten out by mistake against N. W. Ward alone, as being all of N. W. Ward & Co. The levy of this writ, we insist, fastened a lien upon the land levied on for the debt to which it was sought to be subjected against all the members of the firm of N. W. Ward & Co., binding upon each individual from the time he was legally brought into the suit. The only defect that can be alleged against this attachment proceeding is that the process was irregular, and this does not nullify it. *Loughridge & Boyan* v. *Bowland*, 52 Miss. 560.

*Oglesby & Taylor*, for the appellee.

The suit against W. T. Ward is a different one from that against

N. W. Ward.   It is for the same debt, but is an independent pro-
ceeding, obtained by virtue of a new affidavit, bond, and writ, and
was not designed to remove the defect of the first levy, for the
property in controversy was not levied on in the new proceeding;
it was not an amendment.

The judgment related back to the levy to determine the rights or
interests acquired by it; it could give no greater or higher right than
that given by the levy.   " The service of the attachment is the
seizure of the thing by the officer of the law, so that the judgment
and sale relate back to the levy and the purchaser's title takes
effect from that date."   52 Miss. 558, and cases there cited.

When the writ against N. W. Ward was levied upon this land
the effect of it was to assign his interest in the land to his attaching
creditors, and the sale was only to ascertain the value of that inter-
est.   54 Miss. 20.   As N. W. Ward had no interest in the prop-
erty, no interest was acquired by the levy and sale.

Before there can be a judgment against the property, there must
have been a proper levy.   The judgment, as before stated, relates
back to the levy which determines the rights of the parties.   Drake
on Attachments, §§ 221, 234.

COOPER, J., delivered the opinion of the court.

By the levy of the first writ of attachment, which was issued at
the suit of Armistead, Dillard & Lundee against N. W. Ward alone,
only his interest in the land attached was bound.   The second writ
was sued out against W. T. Ward, but no levy was made under it
on the land.   The fact that W. T. Ward was summoned under this
writ and brought into the suit did not have the effect of broadening
the operation of the first writ so as to include his interest in the
land in the lien which had been acquired by its execution.

Since N. W. Ward and the firm of Ward & Co. had no interest
in the land, nothing was acquired by the levy of the first writ on it,
and since the second writ was not levied on the land no lien was
acquired by virtue of that writ and its execution.

*Judgment affirmed.*